**Electronically Filed
Intermediate Court of Appeals
30034
11-OCT-2010
08:02 AM**

NO. 30034


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SONNY KELEMETE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0795)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Sonny Kelemete (Kelemete) appeals from the Judgment of Conviction and Sentence entered on August 17, 2009 in the Circuit Court of the First Circuit (circuit court).[1]

Kelemete was convicted of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2009).  He also pleaded guilty to one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of HRS § 261E-61 (Supp. 2009) and one count of Driving Without a License (DWOL) in violation of HRS § 286-102 (2007 Repl.).  On January 7, 2009, the jury returned a guilty verdict on the drug charge, for which the circuit court sentenced Kelemete to five years imprisonment with a reduced mandatory minimum of ten months as a repeat offender.  Kelemete received concurrent thirty-day and five-day sentences for the OVUII and DWOL convictions, respectively.

---

[1] The Honorable Richard W. Pollack presided.

Kelemete raises two points on appeal. First, he contends that the circuit court erred by denying his motion for judgment of acquittal.[2] Second, Kelemete argues that the jury's verdict lacked sufficient evidentiary support.

After careful review of the issues raised, arguments advanced, applicable law, and record in the instant case, we resolve Kelemete's points of error as follows:

(1) Kelemete waived his right to appeal the circuit court's denial of his motion for judgment of acquittal when he presented evidence following the circuit court's ruling. "It is well settled that when the defense presents evidence after a motion for judgment of acquittal made at the close of the prosecution's case, any error by the trial court in the denial of the motion is waived by the defense." State v. Pudiquet, 82 Hawai'i 419, 423, 922 P.2d 1032, 1036 (App. 1996).

(2) As the evidence adduced in the trial court must be considered in the strongest light for the prosecution, there was substantial evidence to support Kelemete's conviction for Promoting a Dangerous Drug in the Third Degree. State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (stating that the proper standard of review on appeal for claims of insufficient evidence is whether there existed substantial evidence to support the conclusion of the trier of fact). Kelemete's argument on this point asks this court to consider the credibility of witness testimony, a consideration inappropriate for an appellate court. See State v. Bogdanoff, 59 Haw. 603, 608, 585 P.2d 602, 606 (1978). It is well settled that "the jury is the sole judge of the credibility of witnesses." Id. In this case, the jury was presented with conflicting witness testimony, considered the testimony and deduced from it its verdict. This court will not

---

[2] Kelemete moved for a judgment of acquittal after the State rested. The circuit court denied his motion, and Kelemete subsequently presented evidence. He did not renew his motion at the close of his case.

interfere with such determinations.  See Bogdanoff, 59 Haw. at 608, 585 P.2d at 606.

Therefore,

IT IS HEREBY ORDERED that the August 17, 2009 Judgment of Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 11, 2010.

On the briefs:


Stuart N. Fujioka,
for Defendant-Appellant.


Presiding Judge


Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.


Associate Judge



Associate Judge